**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| **In re: Teesha Ann Sanders** | **Case No. 16-72665-SCS** |
| **AKA Teesha Ann Henderson** | **Chapter 13** |
| **Debtor** | |

Address:  2804 Saville Garden Way
              Virginia Beach, VA 23453

Last four digits of Social Security No:        xxx-xx-1757 (Debtor)

**<u>NOTICE OF MOTION FOR
AUTHORITY TO MODIFY EXISTING MORTGAGE NUNC PRO TUNC</u>**

The above named Debtor has filed a Motion for Authority to Modify Existing Mortgage *Nunc Pro Tunc* in this bankruptcy case pursuant to Local Bankruptcy Rule 6004-4.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you want to be heard on this matter, not later than seven (7) days before the date of the hearing, you or your attorney must:

File with the court, at the address below, a written response pursuant to Local Bankruptcy Rules 9013-1(H). Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the motion.

> Clerk of Court
> United States Bankruptcy Court
> 600 Granby Street 4th Floor
> Norfolk, VA 23510

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to:

> Boleman Law Firm, P.C.
> Convergence Center III
> 272 Bendix Road, Suite 330

Barry W. Spear (VSB# 39152)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, VA 23452
Telephone (757) 313-3000
Counsel for Debtor

Virginia Beach, VA 23452

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief. You will receive separate Notice of Hearing.

Pursuant to Local Bankruptcy Rule 6004-4, notice is hereby given that:

2. The terms of the proposed modification are as modified are as follows:

   A. The principal amount of the original loan is $218,700.02, and the principal amount of the loan immediately after modification is $247,968.36;
   B. The interest rate is applicable to the loan before modification is 6.00% and the interest rate applicable to the loan immediately after modification is 3.00%;
   C. The term of the loan before modification is 360 months, and the term of the loan immediately after modification is 480 months;
   D. The monthly mortgage payment on the loan before modification, including principal, interest, and escrow, is $1,720.06;
   E. The monthly mortgage payment on the loan immediately after modification, including principal, interest, and escrow, is $1,261.01;
   F. The modified loan does not include future payment changes or balloon payments.
   G. The modification will result in a lower monthly payment. Debtor was in a trial period at the time of the filing of this bankruptcy case and the trial period amount of $1,232.75 was listed in her schedules as her monthly mortgage payment. The new payment is about $28.00 lower than the trial payment. Due to the de minimus change in the new payment versus the scheduled payment, the Debtor does not intend to modify her plan.

Respectfully submitted,

TEESHA ANN SANDERS
By Counsel:

 /s/ Barry W. Spear
Barry W. Spear (VSB# 39152)
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 330
Virginia Beach, Virginia 23452
Telephone (757) 313-3000
Counsel for Debtor

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>February 21, 2017</u>, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to Debtor, the Chapter 13 trustee, to all known lienholders, and to creditors or parties in interest who have requested all notices in the case at the addresses listed below (if applicable).

                                                   /s/ Barry W. Spear
                                                   Counsel for Debtor

Planet Home Lending, LLC
120 Erie Canal Drive, Suite 240
Rochester, NY 14626

Planet Home Lending, LLC
321 Research Parkway, Suite 303
Meriden, CT  06450

Planet Home Lending, LLC
c/o BWW  Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| In re: Teesha Ann Sanders<br>AKA Teesha Ann Henderson<br>Debtor | Case No. 16-72665-SCS<br>Chapter 13 |

## MOTION FOR AUTHORITY TO MODIFY EXISTING MORTGAGE *NUNC PRO TUNC*

**COMES NOW** TEESHA ANN SANDERS (the "Debtor"), by counsel, and files this Motion for Authority to Modify Existing Mortgage *Nunc Pro Tunc* pursuant to 11 U.S.C. §§ 364, Federal Rules of Bankruptcy Procedure 4001(c), and Local Bankruptcy Rule 6004-4, and affirmatively states as follows:

### Jurisdiction

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§1334 and 157 in that this action arises in and relates to Debtor's bankruptcy case.

2. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. §1409.

### Facts of this Case

4. On August 1, 2016 (hereinafter the "Petition Date"), Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

5. The Chapter 13 plan (the "Plan") has been confirmed by the Court.

6. The Plan requires payments to the Chapter 13 trustee as follows: $620.00 for sixty (60) months. Total plan funding is $37,200.00.

7. The Debtor currently has a mortgage with Planet Home Lending, LLC.

### Discussion

8. Debtor seeks to modify the existing loan with Planet Home Lending, LLC, which is secured by real property commonly known as 2804 Saville Garden Way, Virginia Beach, VA 23453, and which is more particularly described as

LOT 5, IN BLOCK O, AS SHOWN ON THAT CERTAIN PLAT ENTITLED "SUBDIVISION OF PARKSIDE SECTION TWO, PRINCESS ANNE BOROUGH, VIRGINIA BEACH, VIRGINIA", DATED JANUARY, 1991, MADE BY JOHN SIRINE AND ASSOCIATES, LTD, WHICH PLAT IS DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH, VIRGINIA, IN MAP BOOK 215, AT PAGE 29 ET SEQ.

ALSO KNOWN AS: 2804 SAVILLE GARDEN WAY, VIRGINIA BEACH, VIRGINIA 23453

9. Planet Home Lending, LLC has tendered a document to Debtor detailing the terms of proposed loan modification. Such document is attached to this motion as an Exhibit and incorporated herein by this reference. The terms of the proposed modification are as follows:

    A. The principal amount of the original loan is $218,700.02, and the principal amount of the loan immediately after modification is $247,968.36;

    B. The interest rate is applicable to the loan before modification is 6.00% and the interest rate applicable to the loan immediately after modification is 3.00%;

    C. The term of the loan before modification is 360 months and the maturity date is July 1, 2041, and the term of the loan immediately after modification is 480 months and will mature on October 1, 2056;

    D. The monthly mortgage payment on the loan before modification, including principal, interest, and escrow, is $1,720.06;

  E. The monthly mortgage payment on the loan immediately after modification, including principal, interest, and escrow, is $1,261.01;

  F. The modified loan does not include future payment changes or balloon payments.

  G. The modification will result in a lower monthly payment. Debtor was in a trial period at the time of the filing of her bankruptcy case and the trial period amount of $1,232.75 was listed in her schedules as her monthly mortgage payment. The new payment is about $28.00 lower than the trial payment. Due to the de minimus change in the new payment versus the scheduled payment, the Debtor does not intend to modify her plan.

  H. Any and all mortgage arrearages, including pre-petition and post-petition arrearages, if any, are dealt with as follows: all arrears are reamortized and Trustee is relieved from making payments on any arrears claim.

  I. The proposed loan modification is beneficial to Debtor because the Debtor can lower her monthly payment and interest rate and resolve her pre-petition mortgage arrears.

  10. In an abundance of caution, the Motion asks for retroactive approval because the agreement is dated for October 1, 2016. The Lender will not finalize the loan modification until Bankruptcy Court approval is received. The Debtor signed the agreement on January 10, 2017.

  WHEREFORE, for the foregoing reasons, TEESHA ANN SANDERS respectfully

requests this Honorable Court to enter an Order (1) permitting Debtor to modify the current loan with Planet Home Lending, LLC as set forth herein, and (2) for such other and further relief as the Court deems proper.

        Respectfully submitted,

        TEESHA ANN SANDERS
        By Counsel:

        /s/ Barry W. Spear
        Barry W. Spear (VSB# 39152)
        Boleman Law Firm, P.C.
        Convergence Center III
        272 Bendix Road, Suite 330
        Virginia Beach, Virginia 23452
        Telephone (757) 313-3000
        Counsel for Debtor

## **CERTIFICATE OF SERVICE**

      Pursuant to Local Bankruptcy Rule 6004-4, I hereby certify that on February 21, 2017, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to Debtor, the Chapter 13 trustee, and to all creditors or parties in interest who have requested all notices in the case at the addresses listed below (if applicable).

        /s/ Barry W. Spear
        Counsel for Debtor

Planet Home Lending, LLC
120 Erie Canal Drive, Suite 240
Rochester, NY 14626

Planet Home Lending, LLC
321 Research Parkway, Suite 303
Meriden, CT  06450

Planet Home Lending, LLC
c/o BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229

This Document Prepared By:

PLANET HOME LENDING, LLC
321 RESEARCH PARKWAY, SUITE 303
MERIDEN, CT 06450
(885) 884-2250

When Recorded Mail To:
PLANET HOME LENDING, LLC
321 RESEARCH PARKWAY, SUITE 303
MERIDEN, CT 06450

Tax Map Number: 1495621255

_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| Original Principal Amount: $245,600.00 | Investor Loan No: ■■■2701 |
| Unpaid Principal Amount: $218,700.02 | Loan No: ■■■2701 |
| New Principal Amount: $247,968.36 | |
| Capitalization Amount: $29,268.34 | |

# HOME AFFORDABLE MODIFICATION AGREEMENT (DEED OF TRUST)

## (Step Two of Two-Step Documentation Process)

Tax Exempt per Virginia State Code 58.1-803(D)

Executed on this day: OCTOBER 1, 2016
Borrower ("I"):[1] TEESHA A SANDERS AS JOINT TENANTS, ERIC P HENDERSON AS JOINT TENANTS
Borrower Mailing Address: 2804 SAVILLE GARDEN WAY, VIRGINIA BEACH, VIRGINIA 23453
Lender or Servicer ("Lender"): PLANET HOME LENDING LLC AS SERVICER FOR RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2, BY U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Multistate Home Affordable Modification Agreement – Single Family                            ■■■2701
12162016_56

Page 1

Lender or Servicer Address: **120 ERIE CANAL DRIVE SUITE 240, ROCHESTER, NY 14626**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **DECEMBER 26, 2006**
Loan Number: ▇▇▇▇**2701**
Property Address: **2804 SAVILLE GARDEN WAY , VIRGINIA BEACH, VIRGINIA 23453**

Legal Description:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

**Prior instrument reference: Recorded on DECEMBER 28, 2006 in INSTRUMENT NO. 20061229001931220    PAGE 1-21, of the Official Records of VIRGINIA BEACH CITY COUNTY, VIRGINIA**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.
I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future. However, I believe that I can presently afford to make the modified mortgage payments shown below.

    B. The Property has not been condemned; (ii) one of the borrowers signing this Agreement lives in the Property as a principal residence, or the Property is a rental property; and (iii) if the Property is a rental property, the certifications I have made concerning my intended use of the Property and the number of single-family properties that I own continue to be true and correct on the day hereof;

    C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

    D. I have provided to Lender a Streamline HAMP Affidavit or a Request for Mortgage Assistance which attests to my qualification for the Home Affordable Modification Program ("Program").

    E. Under penalty for perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

Multistate Home Affordable Modification Agreement – Single Family
12162016_56

▇▇▇▇2701

Page 2

F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so.

G. I have made or will make all payments required under a trial period plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **OCTOBER 1, 2016** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a workout plan or trial period plan, this modification will not take effect. The first modified payment will be due on **NOVEMBER 1, 2016**.

   A. The Maturity Date will be: **OCTOBER 1, 2056**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not credited to my Loan. The new principal balance of my Note will be $247,968.36 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. Interest at the rate of **3.0000%** will begin to accrue on the New Principal Balance as of **OCTOBER 1, 2016** and the first new monthly payment on the New Principal Balance will be due on **NOVEMBER 1, 2016**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 3.0000% | 10/01/2016 | $887.69 | $373.32 May adjust periodically | $1,261.01 May adjust periodically | 11/01/2016 | 480 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest added to the outstanding principal balance.

    D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

    E.  If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I agree to the following:

    A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

    B.  That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or workout plan that I previously entered into with Lender.

    C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

Multistate Home Affordable Modification Agreement – Single Family
12162016_56
                                                 Page 4                                    2701

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. **Funds for Escrow Items.** I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in

writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

J. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

K. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding

anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

L. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

Q. This Agreement modifies an obligation secured by an existing security instrument recorded in VIRGINIA BEACH CITY County VIRGINIA, upon which all recordation taxes have been paid. As of the date of this Agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $218,700.02. The principal balance secured by the existing security instrument as a result of this Agreement is $247,968.36, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, I have executed this Agreement.

_____   1/10/17
Borrower: **TEESHA A SANDERS**                Date

_____   1/10/17
Borrower: **ERIC P HENDERSON**                Date

_____   _____
Borrower:                                     Date

_____   _____
Borrower:                                     Date

_____ [Space Below This Line for Acknowledgments] _____

**BORROWER ACKNOWLEDGMENT**

State of **VIRGINIA**

City of Virginia Beach

The foregoing instrument was acknowledged before me this  1/10/2017  (date) by
**TEESHA A SANDERS, ERIC P HENDERSON** (name of person acknowledged)

_____
Notary Public

Printed Name: Rebecca Ventura-Perez

My commission expires: 8/31/2017

REBECCA A. VENTURA-PEREZ
NOTARY PUBLIC 7581760
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES AUGUST 31, 2017

In Witness Whereof, the Lender has executed this Agreement.

**PLANET HOME LENDING LLC AS SERVICER FOR RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2, BY U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE**

By **Janina Woods**          (print name)                                      Date
   **Senior Vice President**   (title)

_____ [Space Below This Line for Acknowledgments] _____

State of NEW YORK
County of MONROE

This foregoing instrument was acknowledged before me on _____ by **JANINA WOODS**, the **SENIOR VICE PRESIDENT** of **PLANET HOME LENDING LLC AS SERVICER FOR RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2, BY U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE**, a company, on behalf of the company.

_____
CARIE SCIABICA , Notary Public
My commission expires: 08/06/2018

Multistate Home Affordable Modification Agreement – Single Family                                       2701
12162016_56

# EXHIBIT A

BORROWER(S): TEESHA A SANDERS AS JOINT TENANTS, ERIC P HENDERSON AS JOINT TENANTS

LOAN NUMBER: ▮▮▮▮2701

LEGAL DESCRIPTION:

LOT 5, IN BLOCK O, AS SHOWN ON THAT CERTAIN PLAT ENTITLED "SUBDIVISION OF PARKSIDE SECTION TWO, PRINCESS ANNE BOROUGH, VIRGINIA BEACH, VIRGINIA", DATED JANUARY, 1991, MADE BY JOHN SIRINE AND ASSOCIATES, LTD, WHICH PLAT IS DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH, VIRGINIA, IN MAP BOOK 215, AT PAGE 29 ET SEQ.

ALSO KNOWN AS: 2804 SAVILLE GARDEN WAY, VIRGINIA BEACH, VIRGINIA 23453